Jason Matecki
Register No. 72821-097
FCI Herlong Satellite Camp
P. O. Box 800
Herlong CA 96113
Petitioner in Propria Persona



**FILED**

**FEB 1 1 2021**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MATECKI, | ) Case no.  **2: 2 1 - CV - 2 6 8** DMC (HC) |
| | ) |
| Petitioner, | ) PETITION FOR WRIT OF HABEAS |
| | ) CORPUS UNDER 28 U.S.C. §2241 |
| v. | ) |
| | ) FIRST STEP ACT OF 2018 |
| PAUL THOMPSON, WARDEN, | ) EARNED TIME CREDITS UNDER |
| | ) 18 U.S.C. §3632(d) |
| Respondent. | ) |

## PARTIES, JURISDICTION AND EXHAUSTION OF REMEDIES

Petitioner Jason Matecki ("Petitioner"), a federal prisoner in propria

**persona,** files this Petition pursuant to 28 U.S.C. §2241, since this Petition

relates to the performance of his sentence. The Court has subject matter

jurisdiction under 28 U.S.C. §1331, and this Court is the appropriate

venue since Petitioner is incarcerated in Herlong, California. Paul

Thompson is sued in his capacity of custodian in his role as Warden of

FCI Herlong.

The prudential requirement to exhaust administrative remedies is

excused under three separate doctrines. The Petitioner is challenging

herein an established policy of the Federal Bureau of Prisons (the "BOP")

that time credits earned under 18 U.S.C. §3632(d) cannot be applied towards

the transfer of prisoners under 18 U.S.C. §3624(g) until January 15, 2020.

(Both of these Code sections were enacted as part of the First Step Act of

2018.) Under the futility doctrine, a prisoner need not exhaust admin-
itrative remedies when he challenges an established BOP policy. Fraley
v. United States, 1 F. 3d 924, 925 (9th Cir. 1991). See also Fagiolo v.
Smith, 326 F. Supp 2d 589, 590 (MDPA 2004).

Secondly, exhaustion is not required with respect to claims which turn
solely on questions of statutory construction. Coleman v. U.S. Parole Comm'n,
644 F. Appx 159, 162 (3d Cir. 2016). Petitioner must file this Petition
solely because the Respondent refuses to release him immediately to home
confinement, halfway house or early release to supervised release; that
refusal is grounded on Respondent's erroneous interpretation of the FSA.
Specifically, Respondent claims it is not required to implement the FSA
until January 15, 2022. Finally, a prisoner will be excused from exhaustion
of administrative remedies when he will suffer irreparable injury were he to
attempt to fully exhaust remedies. Respondent's administrative remedy process,
as set forth in 28 CFR 542.10 et seq., require a prisoner to grieve his
remedies with his local Unit Team (which Petitioner has already attempted,
see Exhibit 1) then appeal to the warden, and then successively to the
Regional Office and the Central Office. The time period for the warden's
response is 20 days plus an additional 20 days with extension; the appeal
process can be up to 60 days at the Regional and Central Office levels each
after the appeal is logged in. Typically, the Region and the Central Office
delay at least 30 days to log in appeals. Petitioner's fruitless attempts
to persuade Respondent to change its established policy position would
delay him relief for at least 6 months, during which time Petitioner should
have already been released from incarceration under the provisions of the FSA.
This demonstrates irreparable injury. And, as shown below, since the earning
and application of time credits under the FSA is non-discretionary on the

part of Respondent, Petitioner has a protected liberty interest in his

release under the FSA's time credit system. See, Richardson v. Joslin,

501 F. 3d 415, 419 (5th Cir. 2007)("Where the statute grants the prison

administration discretion, the government has conferred no right on the

inmate.") In this case, as shown below, the Respondent has no discretion

in this matter, and has a protected liberty interest.

<div align="center">STATEMENT OF THE CASE</div>

Petitioner is serving a 75-month sentence for violation of 21 U.S.C.

§841(a). A first-time offender, his sentence ends on September 10, 2022

with the application of his good conduct credits. He has a clean disciplinary

record while incarcerated, and has been assigned to halfway house commencing

on September 10, 2021--just eight months away. His home confinement eligi-

bility date is March 10, 2022. That is, §3624(c)(2), the Respondent is

required, to the extent practicable, to transfer Petitioner to home confine-

ment on that latter date.  Petitioner is requesting herein that the

Respondent release Petitioner immediately to either "prerelease custody")

(defined in §3624(g)(2) as either halfway house or home confinement) or

to early release to supervised release, because, as of the date of this

Petition, he has already earned enough time credits to obligate Respondent

to do so.

The FSA created a program under which "eligible" prisoners (those who

have not committed one of a number of enumerated offenses or who are not

under an order of deportation) to earn time credits by participating in

"evidence-based recidivism reduction programs" (hereinafter, "Programming")

or "productive activities" (hereinafter "Activities"). Programming is

defined in §3635 to include classes which have been proven effective at

reducing recidivism; Activities are therein defined as group or individual

activities which are calculated to assist prisoners to maintain their

<div align="center">3</div>

low or minimum risk of recidivism. The FSA imposed three significant deadlines upon the Respondent with respect to the law's implementation.

First, a Risk and Needs Assessment System ("RNAS") was required to be established by July 19, 2019. RNAS was published on time and provides the BOP with a framework to assess, and periodically reassess, the recidivism risk for each prisoner, utilizing the PATTERN risk assessment tool. Respondent then had 210 days, or January 15, 2020, to assess each prisoner via PATTERN as High, Medium, Low or Minimum risk. Inmates can lower their risk category by faithfully participating in Programming. Petitioner was assessed prior to January 15, 2020 as being "eligible" to earn time credits and having "Minimum" risk of recidivism. That assessment was confirmed at his subsequent team meetings on February 11, 2020 and January 3, 2021.

The final deadline imposed by the FSA is January 15, 2022. By that date, the Respondent must make Programming and Activities available for 100% of prisoners in its custody, and before that date, under §3621(h)(3), must prioritize the availability of Programs and Activities to those prisoners who are closest to being released. Notwithstanding such deadline, §3621(h) provides that if any prison facility already offers Programming and Activities as of December 21, 2018, prisoners can earn time credits immediately and begin to apply them immediately as well. And §3621(h)(1)(B) also requires the Respondent, beginning on January 20, 2020, to "begin to expand the effective evidence-based recidivism reduction programs and productive activities it offers and add any new evidence-based recidivism reduction programs and productive activities necessary to effectively implement the System." Subdivision (C) requires the Respondent, no later

4

than January 20, 2020, to begin to implement the time credit system, "while prisoners are participating in and completing the effective evidence-based recidivism reduction programs and productive activities."

Under §3632(d)(4)(B), a prisoner cannot begin to earn time credits until his sentence commences under 18 U.S.C. §3585(a) (after he is designated to the penal facility at which he will serve his sentence) and in no event prior to the date of the FSA's enactment, on December 21, 2018 is a prisoner able to earn time credits for Programming.

The meaning of the above statutory provisions is clear and unambiguous. Any prisoner can begin to earn time credits beginning on the later of December 21, 2018 or the day he arrives at his place of incarceration. As of December 21, 2018, Petitioner was already at Sheridan FCI, dutifully earning time credits through his participation in Programming and Activities. He was able to do so, regardless of whether inmates at other BOP facilities had access to such activities. And once earned, the time credits can be used.

Under 3632(d)(4)(A), eligible prisoners, such as Petitioners, earn 10 days of time credits "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities," but prisoners who have been assessed as Low or Minimum for the last two assessments earn 15 days of time credits for each 30 days of participation. The operative verb in subsection (A) is "shall." If an eligible inmate successfully participates, the BOP has no discretion. It must award the 10 or 15 days of time credits. Petitioner, having been assessed as "Minimum" for all of his assessments, and having completed Programming and Activities assigned by his Unit Team for 25 months, has now earned 12.5 months of time credits.

The utilization of time credits is governed by §3624(g). Under subsection (g), at the point at which a Low or Minimum risk prisoner has accumulated a number of time credit days equal to the number of days remaining in his period of incarceration, the Respondent is required to release that prisoner to either pre-release custody or up to 12 months of early release to supervised release. The Attorney General is required to issue guidelines by §3624(g)(6) to determine whether a particular Minimum or Low risk prisoner is sent to home confinement, halfway house or early release to supervised release. To date, the Attorney General has not complied with this Congressional mandate. Because the Respondent's duty to award time credits and to apply them is mandatory, not discretionary under the FSA, Petitioner has a vested liberty interest in his release for his time credits earned to date.

Medium and High risk prisones may only use time credits if they satisfy the warden that they have made a good faith effort to reduce their recidivism levels and are not deemed to be a danger to the public.

Another critical provision of the FSA is found in¯ §3632(d)(6): The incentives described in this subsection [d] shall be in addition to any other rewards or incentives for which a prisoner may be eligible." This provision makes clear that the benefits of the time credit system are cumulative to other rewards or incentives which the Respondent offers to prisoners under existing law.

<div align="center">LEGAL ARGUMENT</div>

The foregoing statutory provisions, as applied to Petitioner's factual situation, require that the Respondent transfer him immediately to either home confinement, halfway house, or early release to supervised release but as to the latter only as to 12 months.

Petitioner's Programming and Activities for the past 25 months are set forth in the attached Exhibit 2. In addition, as set forth in the

accompanying Declaration, for nearly all of these 25 months while he
was not in holdover pending transfer, Petitioner was also working full time
for his places of incarceration. Petitioner submits that his prison job
by itself satisfies the "productive activities" definition.  As an inmate
assessed as having Minimum recidivism risk for the last two assessments, he
has earned 12.5 months of time credits. Given that his halfway house assignment
is less than eight months away, he is already overdue for transfer.  This
establishes standing and ripeness of Petitioner's claims.

Petitioner's release date of September 10, 2022 includes 337 days of
credit for good conduct under §3624(b).  This good conduct time is a  "reward
or incentive" offered to Petitioner and other prisoners for not engaging
in conduct which violates BOP rules. Petitioner was also awarded halfway
house. This is a "reward or incentive," since in order to be awarded
halfway house,  an inmate must also abstain from serious disciplinary
infractions and also must, as did Petitioner, agree to participate in
the Respondent's Inmate Financial Responsibility Plan.  Alternatively, even
if he were not awarded halfway  house, Petitioner would be entitled to
6 months of home confinement prior to September 10, 2022 because he has
demonstrated, by his exemplary conduct in prison, that he is a "low risk"
prisoner. That is also a "reward or incentive."

There is a good reason for the stacking provision in §3632(d)(6). There
would be no incentive, or scant incentive, for a prisoner to participate
in Programming or Activities if the time credits he was thereby awarded
overlapped with the good conduct time, halfway house time or 6 months'
home confinement time which he is otherwise entitled to. The same holds for
the good conduct time of 54 days per year. Certainly Congress  intended to
make the earned credit system have real, legal effect; it did not intend,

it should be presumed, that Congress or indeed any legislative body does not intend to enact laws which have no effect.

Based on the BOP's proposed rules published on November 25, 2020, at page 75,268 of the Federal Register, Petitioner understands that the Respondent seeks to enact regulations which do not respect the intent of Congress, as such intent is set forth in the unambiguous words of the FSA. Respondent asserts in its proposed new rules 28 CFR 542.40 to 542.42 inclusive, that no time credits may be earned prior to January 15, 2020; that Respondent is under no obligation to apply time credits to any prisoner until January 13, 2022; that only a narrow list of Activities approved by it on and after Janaury 15, 2020 can be the basis of awarding time credits; that the time credits which Petitioner earned in reliance on the assurances of his Unit Teams at Sheridan and Taft Correctional Institution  are worthless (see Declaration ¶2); and that one "day" of Programming and/or Activitites consists  of eight hours of logged time.

These assertions fail the standard set forth in Chevron  USA, Inc. v. NRDC,  467 U.S. 837 (1984): the agency must give effect to the unambiguously expressed intent of Congress. Later, the Supreme Court clarified the Chevron doctrine when it stated that an agency's interpretation of a statute will not be entitled to any deference if it leads to futile or absurd results, or is plainly at variance with the policy of the legislation as a whole. See, EEOC v. Commercial Office Products, 486 U.S. 107, 120 (1988).

In Goodman v. Ortiz, 2020 US Dist LEXIS  153874 (DNJ August 25, 2020) the court rejected the Respondent's objection to the prisoner's usage of four months of time credits earned by him from October 2019 through June 2020. The New Jersey district court also stacked the four months of earned time credits with the prisoner's ten weeks of halfway house. The court reasoned that the Respondent's interpretation of the FSA was contrary to the plain language of the statute and was unfair to the prisoner.

Goodman has been cited with approval by the district of South Dakota in O'Bryan v. Cox, 4:20-cv-04183-LLP (DSD January 12, 2021).  In Goodman, Respondent did not raise its argument that one day of Programming or Activities participation is completed only upon eight logged hours of time. This is a new interpretation only advanced in connection with the notice of proposed rulemaking. But this interpretation is contrary to the intent of Congress and also leads to a futile and absurd result. No prisoner has enough hours in the day to participate in more than 2 or 3 hours of classes.  Every prisoner not under medical exemption must work a full time job. Prisoners must also maintain sanitation of their quarters and care for their own personal hygiene, and sleep. Prisoner time is also limited by restrictions on yard movement, and up to 6 standing counts per day, when presence in the housing unit is required.  Scheduling Programming or Activities faces the same obstacles attendant to a college or university scheduling classes.

But imagine that a very motivated prisoner was able to participate in an average of 2.5 hours of Programming or Activities each day. That would equal 75 hours a month, or 900 hours a year. that would equal 112 "days" as calculated by Respondent, or at most, only 37 days off his sentence every calendar year, as opposed to the one-third off possible as the statute is written. Note that the FSA did not state that 8 hours or 3 days of participation resulted in 1 day of credits. Congress did not make the measurement strictly quantitative,  couching the statute in terms of general compliance and in a method similar to state anti-recidivism programs. The Respondent's concept of the FSA is a scant incentive, considering that the RNAS says that pre-FSA only 25% of inmates participated in programming.

9

Even more important, the Respondent cannot possibly offer even the
minimal level of Programming and Activities for our model prisoner. Most
Programming classes involve cognitive behavior modification and must be
taught by trained professionals: Anger Management, drug classes, or
parenting classes.  Ordinary correctional officers cannot teach these
classes. Inmates cannot teach them. Most of these classes have long waiting
lists already. Activities classes can be taught by inmates; a few Programming
classes such as GED could also be taught by prisoners, but there is a very
limited pool of prisoners who are capable of taking on such assignments.
And what about classroom space? Respondent is not building any classrooms.
No, under the Respondent's interpretation of the FSA, the earned credit system
would be an abject failure. This renders the Respondent's interpretation of
the statute invalid, and contrary to Congress' intent.

Respondent's list of "approved" Activities is likewise very thin. Other
than English as a Second Language or dyslexia classes, the "approved"
Activities only offer a limited number of hours of participation.  Nearly
all of those Activities are designed for disabled, chronically ill or
inmates with specialized needs not common to the vast majority of the
inmate population. A "productive activity" is any activity that keeps an
inmate busy in "productive" ways.  That includes satisfactory performance
at a prison job or other activities assigned by the Unit Team.

<div align="center">CONCLUSION</div>

In conclusion, Petitioner has established that he is clearly entitled
to relief and requests that the Court order Respondent to immediately
release him to either home confinment, halfway house or early release to
supervised release, as determined in the discretion of Respondent.
Respectfully submitted,

_Jason Matecki_   01/27/20

Jason Matecki
Dated:                                    10

## VERIFICATION

The undersigned verifies that the foregoing Petition is true and correct to the best of his knowledge, information and belief.

_____ 01/27/21

Jason Matecki

Dated:

EXHIBIT 1

to

MATECKI v. THOMPSON

Administrative Remedy Record

BP-A0148
JUNE 10

**INMATE REQUEST TO STAFF** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member)<br>Case Manager Carey | DATE:<br>        January 20, 2021 |
|---|---|
| FROM:   Jason Matecki | REGISTER NO.: 72821-097 |
| WORK ASSIGNMENT:<br>              none | UNIT:<br>       CAMP    C-A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.

This is my request to have my time credits applied under the First Step Act. I
understand that the BOP's policy is that it is not required to apply time credits
until January 15. 2022. Recent court cases have held against the BOP. Goodman v.
Ortiz, 2020 US Dist LEXIS 153874 (DNJ 8/25/20) and O'Bryan v. Cox, 4:20-cv-04183-LLP
(DSD 1/12/21). In Goodman, the court stacked the prisoner's home confinement/
halfway house time on his 4 months of earned credits. Based on my GTC release date
of September 10,2022 and the 6 months home confinement under 3624(c), I am just
about ready to be sent to home confinement/halfway house/early release to supervised
release, since I have been programming since December 21, 2018  other than time
spent in quarantine.

I recognize that you cannot approve this based on BOP policy, so I request that
you reject me quickly and let me go up the administrative remedy latter and attempt
to exhaust remedies. However, since this is a policy position of the BOP, I am
not required to exhaust remedies under the Fraley case, 1 F. 3d 924, 925 (9th Cir. 1991).

**(Do not write below this line)**

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate

PDF                              Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER      **SECTION 6**

EXHIBIT 2

to

MATECKI v. THOMPSON

PROGRAMMING AND ACTIVITIES RECORD

## Page 1 of 4

**Individualized Needs Plan - Program Review   (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: MATECKI, JASON 72821-097

SEQUENCE: 02084129
Team Date: 01-03-2021

| Facility: | HER HERLONG FCI | | Proj. Rel. Date: | 09-10-2022 |
| Name: | MATECKI, JASON | | Proj. Rel. Mthd: | GCT REL |
| Register No.: | 72821-097 | | DNA Status: | PREBOP TST / 11-27-2017 |
| Age: | 49 | | | |
| Date of Birth: | 05-22-1971 | | | |

### Detainers

| Detaining Agency | Remarks |
| --- | --- |
| NO DETAINER | |

### Current Work Assignments

| Facl | Assignment | Description | Start | Stop |
| --- | --- | --- | --- | --- |
| HER | C A&O | CAMP A&O | 11-13-2020 | CURRENT |

### Current Education Information

| Facl | Assignment | Description | Start | Stop |
| --- | --- | --- | --- | --- |
| HER | ESL HAS | ENGLISH PROFICIENT | 11-29-2017 | |
| HER | GED HAS | COMPLETED GED OR HS DIPLOMA | 12-11-2017 | |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
| --- | --- | --- | --- | --- |
| MEN | | RPP C1: HEALTHY MIND AND BODY | 06-04-2020 | CURRENT |
| MEN | | RPP CAT #6:WHAT IS YOUR IKIGA? | 11-03-2020 | 11-03-2020 |
| MEN | | ACE: ROME RULED: BIRTH OF ROME | 10-20-2020 | 12-21-2020 |
| MEN | | ACE:LIFE OF JUSTICE GINSBURG | 10-29-2020 | 12-21-2020 |
| MEN | | ACE: WHAT IS POTENTIAL ENERGY? | 10-24-2020 | 10-29-2020 |
| MEN | | ACE: WHAT IS POTENTIAL ENERGY? | 11-03-2020 | 10-15-2020 |
| MEN | | ACE: ANCIENT MYTHS & MYSTERIES | 09-16-2020 | 10-15-2020 |
| MEN | | ACE: INSIDE MECCA | 08-11-2020 | 10-13-2020 |
| MEN | | ACE: INTO THE OKAVANGO | 09-03-2020 | 10-13-2020 |
| MEN | | ACE: FORCES OF NATURE | 10-13-2020 | 10-13-2020 |
| MEN | | ACE: HOW TO MAKE AN OPINION | 09-13-2020 | 09-13-2020 |
| MEN | | ACE:BIOLOGICAL MOLECULES,CARBS | 08-20-2020 | 08-20-2020 |
| MEN | | ACE: INSIDE THE LIVING BODY | 08-11-2020 | 08-11-2020 |
| MEN | | ACE: RISE AND RISE OF BITCOIN | 09-16-2020 | 09-16-2020 |
| MEN | | ACE: BIRTH OF CIVILIZATION | 09-03-2020 | 10-07-2020 |
| MEN | | RPP C3:CREDIT/YOUR ADVANTAGE | 08-14-2020 | 08-14-2020 |
| MEN | | ACE: MOSQUITOS AND PEOPLE? | 09-13-2020 | 09-13-2020 |
| MEN | | RPP#3:PROTECT YOUR FINANCES | 08-29-2020 | 08-12-2020 |
| MEN | | ACE: KING TUT'S FINAL SECRETS | 07-21-2020 | 07-21-2020 |
| MEN | | RPP C3: MONEY MANAGEMENT | 06-04-2020 | 06-06-2020 |
| MEN | | ACE:SUPER PREDATORS - VIPERS | 07-02-2020 | 08-06-2020 |
| MEN | | ACE: CORONAVIRUS VS THE KU | 06-25-2020 | 06-05-2020 |
| MEN | | ACE: SICKO - HEALTH CARE IN US | 06-25-2020 | 07-22-2020 |
| MEN | | ACE: THE UNLIKELY LEOPARD | 07-23-2020 | 07-23-2020 |
| MEN | | ACE: EGYPT'S ETERNAL QUEST | 07-28-2020 | 07-28-2020 |
| MEN | | ACE:SUPER PREDATORS | 07-07-2020 | 08-03-2020 |
| MEN | | ACE: HUBBLE'S AMAZING JOURNEY | 06-04-2020 | 08-03-2020 |
| MEN | | WELLNESS: REDUCING GERMS | 06-04-2020 | 06-02-2020 |
| MEN | | ACE:AMERICA'S COVID RESPONSE | 06-20-2020 | 06-02-2020 |
| MEN | | ACE: ONE BAD TWEET - ATHLETICS | 05-18-2020 | 05-18-2020 |
| MEN | | ACE: INSIDE THE MILKY WAY | 06-02-2020 | 07-22-2020 |
| MEN | | ACE: ORIGINS OF SNOW MONKEYS | 06-25-2020 | 07-22-2020 |
| MEN | | ACE: INSIDE THE WHITE HOUSE | 06-09-2020 | 07-22-2020 |
| MEN | | ACE: IMPORTANCE OF ACCOUNTING | 05-18-2020 | 06-18-2020 |
| MEN | | ACE: SCIENCE OF VOLCANOES | 06-11-2020 | 06-18-2020 |
| MEN | | ACE: ANATOMY AND PHYSIOLOGY | 05-20-2020 | 05-27-2020 |
| MEN | | ACE: CO2 WARMING OUR PLANET | 06-04-2020 | 06-11-2020 |

## Page 2 of 4

**Individualized Needs Plan - Program Review   (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: MATECKI, JASON 72821-097

SEQUENCE: 02084129
Team Date: 01-03-2021

### Education Courses (continued)

| SubFacl | Action | Description | Start | Stop |
| --- | --- | --- | --- | --- |
| MEN | C | ACE: CARTHAGE'S LOST WARRIORS | 06-04-2020 | 06-05-2020 |
| MEN | C | ACE: THE "ALLEE EFFECT" | 05-02-2020 | 06-12-2020 |
| MEN | C | ACE:DEVICES TO PROTECT FORESTS | 06-10-2020 | 06-10-2020 |
| MEN | C | ACE: ARCTIC & ANTARCTICA | 05-12-2020 | 05-12-2020 |
| MEN | C | ACE: HOW TO PROTECT WKRS COVID | 04-23-2020 | 04-23-2020 |
| TAF SCP | C | CREDIT REPAIR MON 1215-1515 | 10-28-2019 | 12-31-2019 |
| TAF SCP | C | CAMP AA 1T/H 700-900 C415 | 02-15-2020 | 03-20-2020 |
| TAF SCP | C | CAMP AA 1T/H 700-900 C415 | 01-11-2020 | 02-14-2020 |
| TAF SCP | C | CAMP AA 1T/H 700-900 C415 | 12-30-2019 | 01-10-2020 |
| TAF SCP | C | CAMP NA 1T/H 900-100 C415 | 02-15-2020 | 03-20-2020 |
| TAF SCP | C | CAMP NA 1T/H 900-100 C415 | 01-11-2020 | 02-14-2020 |
| TAF SCP | C | CAMP NA 1T/H 900-100 C415 | 12-30-2019 | 01-10-2020 |
| TAF SCP | W | CAMP REC: WALKING 0800-2000 | 03-06-2020 | 03-28-2020 |
| TAF SCP | C | REFLECTIONS - CAMP | 12-20-2019 | 03-26-2020 |
| TAF SCP | C | CAMP NRDAP 1T/H 700-0930 CC415 | 10-05-2019 | 03-05-2020 |
| TAF SCP | C | TOASTMASTERS R103 W 1215-1515 | 01-01-2019 | 12-31-2019 |
| TAF SCP | C | CREDIT REPAIR MON 1215-1515 | 09-23-2019 | 10-28-2019 |

### Discipline History (Last 6 months)

Hearing Date | Prohibited Acts
** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS **

### Current Care Assignments

| Assignment | Description | Start |
| --- | --- | --- |
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 11-27-2017 |
| CARE1-MH | CARE1-MENTAL HEALTH | 11-28-2017 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
| --- | --- | --- |
| C19-CLEAR | COVID-19 CLEARED | 11-04-2020 |
| C19-QUAR | COVID-19 QUARANTINED | 11-04-2020 |
| C19-T NEG | COVID-19 TEST-RESULTS NEGATIVE | 11-19-2020 |
| REG DUTY | NO MEDICAL RESTR-REGULAR DUTY | 08-06-2019 |
| YES F/S | CLEARED FOR FOOD SERVICE | 08-06-2019 |

### Current Drug Assignments

| Assignment | Description | Start |
| --- | --- | --- |
| DAP DECL | RESIDENT DRUG TRMT DECLINED | 07-24-2018 |
| ED COMP | DRUG EDUCATION COMPLETE | 01-23-2019 |
| INELIGIBLE | 18 USC 3621 RELEASE INELIGIBLE | 01-22-2018 |
| NR COMP | NRES DRUG TMT/COMPLETE | 03-05-2020 |

### FRP Details

Most Recent Payment Plan

| FRP Assignment: | COMPLT   FINANC RESP-COMPLETED | Start: 04-20-2018 |
| --- | --- | --- |
| Inmate Decision: | AGREED | Frequency: QUARTERLY |
| Payments past 6 months: | $0.00 | Obligation Balance: $0.00 |

Financial Obligations:

| No. | Type | Amount | Balance | Payable | Status |
| --- | --- | --- | --- | --- | --- |
| 1 | ASSMT | $100.00 | $0.00 | IMMEDIATE | COMPLETEDZ |

** NO ADJUSTMENTS MADE IN LAST 6 MONTHS **

Payment Details

Trust Fund Deposits - Past 6 months: $ N/A      Payments commensurate ?   N/A
New Payment Plan: ** No data **

### Progress since last review

Inmate MATECKI arrived at FCI Herlong SCP on 11-04-2020.

Individualized Needs Plan - Program Review   (Inmate Copy)

Dept. of Justice / Federal Bureau of Prisons

SEQUENCE: 02094129
Team Date: 01-03-2021

Plan is for inmate: MATECKI, JASON   72831-097

**Next Program Review Goals**

Complete PUBLIC SPEAKING and BASIC REAL ESTATE through Education. Obtain an original or certified copy of your birth certificate.

**Long Term Goals**

Submit a resume to your Case Manager by 03/2022.

**RROHC Placement**

**Comments**

If the staff recommended classes are unavailable, closely related classes are acceptable to take.

Inmate MATECKI plans to work for West Coast Aerospace after release.

FTC ELIG
R-MIN



**Individualized Reentry Plan - Program Review  (Inmate Copy)**

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: MATECKI, JASON  72821-097

SEQUENCE: 02084129

Team Date: 02-11-2020

| | |
|---|---|
| Facility: | TAF  TAFT CI |
| Name: | MATECKI, JASON |
| Register No.: | 72821-097 |
| Age: | 48 |
| Date of Birth: | 05-22-1971 |

| | |
|---|---|
| Proj. Rel. Date: | 09-10-2022 |
| Proj. Rel. Mthd: | GCT REL |
| DNA Status: | PREBOP TST / 11-27-2017 |

## Detainers

| Detaining Agency | Remarks |
|---|---|
| *NO DETAINER* | |

## Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| TAF | C WH A S/S | CAMP WAREHOUSE 0730-1530 S/S | 08-08-2019 |

## Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| TAF | ESL HAS | ENGLISH PROFICIENT | 11-29-2017 |
| TAF | GED HAS | COMPLETED GED OR HS DIPLOMA | 12-11-2017 |

## Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| TAF | | CREDIT REPAIR MON 1215-1515 | 10-28-2019 | CURRENT |
| TAF | | CAMP NRDAP T/TH 700-0930 CC415 | 10-05-2019 | CURRENT |
| TAF | | REFLECTIONS - CAMP | 12-20-2019 | CURRENT |
| TAF SCP | C | TOASTMASTERS R103 W 1215-1515 | 01-01-2019 | 12-31-2019 |
| TAF SCP | C | CREDIT REPAIR MON 1215-1515 | 09-23-2019 | 10-28-2019 |

## Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|
| *** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ** | |

## Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 11-27-2017 |
| CARE1-MH | CARE1-MENTAL HEALTH | 11-28-2017 |

## Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 08-06-2019 |
| YES F/S | CLEARED FOR FOOD SERVICE | 08-06-2019 |

## Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| DAP DECL | RESIDENT DRUG TRMT DECLINED | 07-24-2018 |
| ED COMP | DRUG EDUCATION COMPLETE | 01-23-2019 |
| INELIGIBLE | 18 USC 3621 RELEASE INELIGIBLE | 01-22-2018 |
| NR PART | NRES DRUG COUNSEL PARTICIPANT | 10-05-2019 |

## FRP Details

| Most Recent Payment Plan |
|---|

**FRP Assignment:   COMPLT   FINANC RESP-COMPLETED   Start: 04-20-2018**

| | | | |
|---|---|---|---|
| Inmate Decision: | **AGREED** | **$25.00** | Frequency: **QUARTERLY** |
| Payments past 6 months: | **$0.00** | Obligation Balance: **$0.00** | |

### Financial Obligations

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $100.00 | $0.00 | IMMEDIATE | COMPLETEDZ |
| | | *** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ** | | | |

### Payment Details



**Individualized Reentry Plan - Program Review  (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: MATECKI, JASON  72821-097

SEQUENCE: 02084129
Team Date: 02-11-2020

| Most Recent Payment Plan |
|---|

Trust Fund Deposits - Past 6 months:  $7,365.35          Payments commensurate ?   N

New Payment Plan:   Inmate is FRP complete as of 4-20-18.

## Progress since last review

He has maintained clear conduct since his last scheduled program review. He maintains good work evaluations based on his overall work ethic. He communicates with mother regularly. He is currently enrolled in Credit Repair course, NRDAP, and Reflections. He has completed Toast Masters.

## Next Program Review Goals

Maintain clear conduct. Seek medical, psychology, counseling, and religious services as needed. Enroll in Credit Repair, Freedom from Drugs, and Basic Automotive. Continue participation in NRDAP. Watch callouts daily and report on time. When notified, attend RPP courses.

## Long Term Goals

Complete NRDAP by 11/2020. Complete RPP course by 09/2021. Complete Freedom from Drugs by 11/2020.

## RRC/HC Placement

No.
Management decision - Will review 17-19 months prior to the inmates release in accordance with the second chance act of 2007..
Consideration has been given for Five Factor Review (Second Chance Act):
- Facility Resources
- Offense
- Prisoner
- Court Statement
- Sentencing Commission

## Comments

407/408 reviewed.
PREA reviewed.
PP41 reviewed.
Next pgm 08/2020.



**Individualized Reentry Plan - Program Review  (Inmate Copy)**     SEQUENCE: 02084129
Dept. of Justice / Federal Bureau of Prisons     Team Date: 02-11-2020
Plan is for inmate: MATECKI, JASON  72821-097

Name:  MATECKI, JASON          DNA Status:   PREBOP TST / 11-27-2017
Register No.:  **72821-097**
Age:  48
Date of Birth:  05-22-1971

_____
Inmate  (MATECKI, JASON. Register No.: 72821-097)

2-11-20
_____
Date

_____
Unit Manager / Chairperson

02.11.2020
_____
Date

_____
Case Manager

02.11.2020
_____
Date



### Individualized Reentry Plan - Program Review  (Inmate Copy)

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: MATECKI, JASON  72821-097

SEQUENCE: 02084129
Team Date: 08-22-2019

| | | | |
|---|---|---|---|
| Facility: | TAF  TAFT CI | Proj. Rel. Date: | 10-23-2022 |
| Name: | MATECKI, JASON | Proj. Rel. Mthd: | GCT REL |
| Register No.: | 72821-097 | DNA Status: | PREBOP TST / 11-27-2017 |
| Age: | 48 | | |
| Date of Birth: | 05-22-1971 | | |

### Detainers

| Detaining Agency | Remarks |
|---|---|

*NO DETAINER*

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| TAF | C WH A S/S | CAMP WAREHOUSE 0730-1530 S/S | 08-08-2019 |

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| TAF | ESL HAS | ENGLISH PROFICIENT | 11-29-2017 |
| TAF | GED HAS | COMPLETED GED OR HS DIPLOMA | 12-11-2017 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|

*NO COURSES*

### Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|

*** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ***

### Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 11-27-2017 |
| CARE1-MH | CARE1-MENTAL HEALTH | 11-28-2017 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 08-06-2019 |
| YES F/S | CLEARED FOR FOOD SERVICE | 08-06-2019 |

### Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| DAP DECL | RESIDENT DRUG TRMT DECLINED | 07-24-2018 |
| ED COMP | DRUG EDUCATION COMPLETE | 01-23-2019 |
| INELIGIBLE | 18 USC 3621 RELEASE INELIGIBLE | 01-22-2018 |
| NR WAIT | NRES DRUG TMT WAITING | 11-16-2018 |

### FRP Details

| Most Recent Payment Plan |
|---|

**FRP Assignment:  COMPLT  FINANC RESP-COMPLETED  Start: 04-20-2018**

| | | | |
|---|---|---|---|
| Inmate Decision: | **AGREED** | **$25.00** | Frequency: **QUARTERLY** |
| Payments past 6 months: | **$0.00** | Obligation Balance: **$0.00** | |

### Financial Obligations

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $100.00 | $0.00 | IMMEDIATE | COMPLETEDZ |

*** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ***

### Payment Details

Trust Fund Deposits - Past 6 months:  $4,517.30          Payments commensurate ?   N

New Payment Plan:  | Inmate is FRP complete as of 4-20-18. |

### Progress since last review



**Individualized Reentry Plan - Program Review  (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: MATECKI, JASON  72821-097

SEQUENCE: 02084129
Team Date: 08-22-2019

Transfer from Sheridan.

## Next Program Review Goals

Maintain clear conduct. Seek medical, psych, counseling, and religious services as needed. Report to callouts on time and check them daily. Enroll in NRDAP and freedom from drugs. Read and comprehend A&O handbook. When notified, report to RPP courses. Enroll in job resume course.

## Long Term Goals

Complete a course by 12/2019. Establish strong family ties utilizing phones, email, mail, and visits by 09/2019. Maintain high level of living area and personal hygiene through 10/2022.

## RRC/HC Placement

No.
Management decision - Will review 17-19 months prior to the inmates release in accordance with the second chance act of 2007..
Consideration has been given for Five Factor Review (Second Chance Act):
- Facility Resources
- Offense
- Prisoner
- Court Statement
- Sentencing Commission

## Comments

407/408 reviewed.
PREA reviewed.
PP41 reviewed.
Next pgm 02/2020.



### Individualized Reentry Plan - Program Review  (Inmate Copy)

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: MATECKI, JASON  72821-097

SEQUENCE: 02084129

Team Date: 08-22-2019

Name:   MATECKI, JASON

Register No.:   72821-097

Age:   48

Date of Birth:   05-22-1971

DNA Status:   PREBOP TST / 11-27-2017

JBM

Inmate   (MATECKI, JASON. Register No.: 72821-097)

8-22-19

Date

Unit Manager / Chairperson

8-22-19

Date

Case Manager

8-20-19

Date

## Individualized Reentry Plan - Program Review (Inmate Copy)

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: MATECKI, JASON 72821-097

SEQUENCE: 02084129
Team Date: 05-30-2019

Facility: SHE SHERIDAN FCI
Name: MATECKI, JASON
Register No.: 72821-097
Age: 48
Date of Birth: 05-22-1971

Proj. Rel. Date: 10-23-2022
Proj. Rel. Mthd: GCT REL
DNA Status: PREBOP TST / 11-27-2017

**Detainers**

| Detaining Agency | Remarks |
|---|---|

*NO DETAINER*

**Current Work Assignments**

| Facl | Assignment | Description | Start |
|---|---|---|---|
| SHE | SCP FOOD | SCP FOOD SERVICE | 01-08-2018 |

**Current Education Information**

| Facl | Assignment | Description | Start |
|---|---|---|---|
| SHE | ESL HAS | ENGLISH PROFICIENT | 11-29-2017 |
| SHE | GED HAS | COMPLETED GED OR HS DIPLOMA | 12-11-2017 |

**Education Courses**

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|

*NO COURSES*

**Discipline History (Last 6 months)**

| Hearing Date | Prohibited Acts |
|---|---|

*** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ***

**Current Care Assignments**

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 11-27-2017 |
| CARE1-MH | CARE1-MENTAL HEALTH | 11-28-2017 |

**Current Medical Duty Status Assignments**

| Assignment | Description | Start |
|---|---|---|
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 12-04-2017 |
| YES F/S | CLEARED FOR FOOD SERVICE | 12-04-2017 |

**Current Drug Assignments**

| Assignment | Description | Start |
|---|---|---|
| DAP DECL | RESIDENT DRUG TRMT DECLINED | 07-24-2018 |
| ED COMP | DRUG EDUCATION COMPLETE | 01-23-2019 |
| INELIGIBLE | 18 USC 3621 RELEASE INELIGIBLE | 01-22-2018 |
| NR WAIT | NRES DRUG TMT WAITING | 11-16-2018 |

**FRP Details**

Most Recent Payment Plan

**FRP Assignment: COMPLT FINANC RESP-COMPLETED Start: 04-20-2018**
Inmate Decision: **AGREED $25.00** Frequency: **QUARTERLY**
Payments past 6 months: **$0.00** Obligation Balance: **$0.00**

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $100.00 | $0.00 | IMMEDIATE | COMPLETEDZ |

*** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ***

**Payment Details**

Trust Fund Deposits - Past 6 months: $4,027.00 Payments commensurate ? N/A
New Payment Plan: ** No data **

**Progress since last review**

## Individualized Reentry Plan - Program Review (Inmate Copy)

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: MATECKI, JASON 72821-097

SEQUENCE: 02084129
Team Date: 05-30-2019

Recvd SSC. Did not enroll in Victim Impact. Completed Drug Ed. Remains on w/l for Non-Res. DAP. Saved $3,000.

**Next Program Review Goals**

By 11/19:
Enroll in Victim Impact.
Enroll in Non-Res. DAP.
Maintain strong family ties using mail, email, phones and visiting.

**Long Term Goals**

By 4/22:
Complete substance abuse tx.
Complete the Rel. Prep. Program (6 workshops).
Attend Job Fair and develop resume for outside employers.
Obtain birth certificate for ID purposes upon release.

**RRC/HC Placement**

No.
Management decision - Will discuss 17-19 months from PRD..
Consideration has been given for Five Factor Review (Second Chance Act):
- Facility Resources
- Offense
- Prisoner
- Court Statement
- Sentencing Commission

**Comments**

** No notes entered **

```
SHEA0  540*23 *          SENTENCE MONITORING          *      10-30-2018
PAGE 002 OF 002 *          COMPUTATION DATA           *      15:44:17
                          AS OF 10-30-2018


REGNO..: 72821-097 NAME: MATECKI, JASON


-------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 11-16-2017 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 11-16-2017 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 10-27-2017
TOTAL TERM IN EFFECT............:    75 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     6 YEARS        3 MONTHS
EARLIEST DATE OF OFFENSE........: 04-21-2015

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                    04-21-2015     04-21-2015
                                    08-26-2015     12-10-2015
                                    08-30-2017     10-26-2017

TOTAL PRIOR CREDIT TIME.........: 166
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 294
TOTAL GCT EARNED................: 54
STATUTORY RELEASE DATE PROJECTED: 10-23-2022
EXPIRATION FULL TERM DATE.......: 08-13-2023
TIME SERVED.....................:     1 YEARS        5 MONTHS      19 DAYS
PERCENTAGE OF FULL TERM SERVED..: 23.4

PROJECTED SATISFACTION DATE.....: 10-23-2022
PROJECTED SATISFACTION METHOD...: GCT REL
```

*(handwritten annotations:)*

Jail credit lines annotated: 1, 107, 58, total 166

TOTAL GCT EARNED AND PROJECTED → 338 (FIRST STEP ACT)

PROJECTED SATISFACTION DATE ← (9-04-22 FIRST STEP ACT)

THRU 9-30-19   870 (839 crossed out) DAYS SERVED
BY 12-31-19   962 DAYS SERVED
BY 12-31-19   554 (crossed out) DAYS LEFT (EST'D JULY 6'27 (crossed out) RELEASE)
   517 (crossed out) 534   JUNE 13'21
   (JUNE 14'21)

```
G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

Jason Matecki
Register No. 72821-097
FCI Herlong Satellite Camp
P. O. Box 800
Herlong CA 96113
Petitioner in Propria Persona


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| JASON MATECKI, | ) | Case no. |
| | ) | |
| Petitioner, | ) | DECLARATION OF JASON MATECKI IN |
| | ) | SUPPORT OF PETITION FOR HABEAS |
| v. | ) | CORPUS |
| | ) | |
| PAUL THOMPSON, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |


DECLARATION

I, Jason Matecki, declare as follows:

1. I am the Petitioner in the above-captioned proceeding. I have personal knowledge of the facts set forth herein, and if necessary I could testify to the truthfulness of the same in any court of law.

2. At the time the First Step Act of 2018 was enacted on December 21, 2018, I was encarcerated at FCI Sheridan. I read this law and understood by its plain language that I could reduce my incarceration by participating in evidence-based recidivism reduction programs and productive activities. I dutifully participated in a number of classes suggested by the unit team at Sheridan, believing that by doing so I would earn time credits. I also worked in the kitchen in a Grade 2 job, primarily involved with maintaining the deep fryers or other equipment.   I was transferred to Taft Correctional Institution  in July 2019. Shortly after my arrival, I was assigned to work in the warehouse, where I held a Grade 1 job of forklift operator. I also

actively participated in productive activities at Taft. My case manager,
Mr. Monge, expressly told me that the activities I participated in were
earning time credits, and encouraged me to participate. I did participate
in reliance on his assurances. I was transferred to my current place of
incarceration in April 2020, although I spent a number of months in
holdover at Mendota FCI. I also participated in productive activities at
Mendota, after being assured by the Education Coordinator Ms. Mendoza
that I was thereby earning time credits. A copy of the BOP record of my
activities to earn time credits is attached as Exhibit 2 to the Petition.

3.    At team meetings held on February 11, 2020 and January 3, 2021,
I was informed that I continued to be eligible to earn time credits and that
my PATTERN score was Minimum.

4.    After giving effect to the extra 7 days of good conduct time per
year provided for in the First Step Act, my projected release date is
September 10, 2022. I was recently awarded 12 months of halfway house time,
so my date scheduled for transfer to halfway house is September 10, 2021.

5.    I have attached a true copy of my efforts to date to exhaust my
administrative remedies as Exhibit 1 to the Petition.

I declare the foregoing is true and correct under penalty of perjury.

_Jason Matecki_   01/27/21

Jason Matecki
Dated:

2